IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  04 CR 253-7 |
| v. | ) |
| BRIAN K. JOHNSON, | )  HONORABLE DAVID H. COAR |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following a jury trial, Defendant Brian K. Johnson ("Defendant") was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and of using a telephone to commit the felony described above, in violation of 21 U.S.C. § 843(b).  Before this Court is Defendant's motion to set aside the verdict (a motion for a judgment of acquittal) or, in the alternative, grant a new trial.  For the reasons discussed below, Defendant's motion is DENIED.

**II.    BACKGROUND**

On November 30, 2005, Defendant proceeded to trial on a multi-count, second superseding indictment charging eleven defendants with, in brief, conspiracy to distribute cocaine and crack cocaine.  At the close of the Government's evidence, Defendant moved for a judgment of acquittal.  This Court denied the motion.  On December 8, 2005, the jury found

Defendant guilty of one conspiracy count (Count One) and two telephone facilitation counts (Counts Twenty-Five and Twenty-Seven). On a special verdict form, the jury found Defendant guilty of distributing in excess of 500 grams of a mixture containing cocaine, and in excess of 50 grams of a mixture containing cocaine base in the form of "crack cocaine."

**III.    STANDARD**

Defendant renews his motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. A district court must grant a Rule 29 motion for "any offense for which the evidence [presented at trial] is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering the sufficiency of the evidence, the court must review the record in the light most favorable to the government. United States v. Hausmann, 345 F.3d 952, 955 (7th Cir. 2003). "[A]s long as any rational jury could have returned a guilty verdict, the verdict must stand." Id. If on the other hand, "the record is devoid of evidence from which the jury could reach a finding of guilt," the verdict will not stand. United States v. Taylor, 226 F.3d 593, 596 (7th Cir. 2000).

A district court should grant a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure "if the interest of justice so requires." Fed. R. Crim. P. 33. Rule 33 motions are not favored and are granted in only the most extreme cases. United States v. Linwood, 142 F.3d 418, 422 (7th Cir. 1998); United States v. Kamel, 965 F.2d 484, 490 (7th Cir. 1992). Courts have required new trials when "trial errors or omissions have jeopardized the defendant's substantial rights." United States v. Reed, 986 F.2d 191, 192 (7th Cir.1993). Essentially, however, "the evidence [presented a trial] must preponderate heavily against the

verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Reed, 875 F.2d 107, 113 (7th Cir.1989) (internal citation omitted).

IV.     ANALYSIS

Defendant argues that the evidence was insufficient to sustain his conviction for conspiracy and the use of a telephone in furtherance of the conspiracy. He also argues that the evidence was insufficient to support the jury's determination that he distributed over 500 grams of cocaine and over 50 grams of cocaine base. Finally, Defendant argues that this Court erred in excluding from his cross-examination of Rodney Bew ("Bew"), the leader of the alleged conspiracy, discussion of the Government's decision not to indict Bew's wife in exchange for his testimony and discussion of Bew's altercation with a third party. The above is the extent of Defendant's motion: He does not elaborate on any of the grounds he asserts for a judgment of acquittal or a new trial.

At trial, the evidence against Defendant included his confession to FBI agents and his sworn statement to a federal grand jury. In both statements, Defendant admitted that he assisted Bew by distributing at least fifteen to twenty bags of crack cocaine a week to Bew's customers and by collecting money from the customers. He also admitted that he assisted when Bew purchased his supply of cocaine, and accompanied Bew to find two people who were caught by the police after Bew purchased cocaine on their behalf. At trial, the testimony of Bew and tape-recorded conversations between Defendant and Bew corroborated these confessions. The two conversations that form the basis of the telephone counts were played at trial and explained by Defendant's grand jury testimony. In the first conversation, Defendant speaks with a customer

on Bew's behalf using Bew's phone.  In the second conversation, Bew and Defendant call a customer to sort out an incorrect delivery Defendant made on Bew's behalf.  Finally, Bew testified at trial that Defendant assisted him by holding recently-purchased cocaine on the drive from Chicago back to Joliet or by driving the cocaine in a separate car.  Bew testified that Defendant received money or cocaine in exchange for assisting Bew in this way.

Defendant's case was far from an extreme one: The evidence outlined above does not preponderate heavily against the guilty verdict, which any rational jury could have returned.  In addition, Defendant's motion provides no new information or argument that would call the verdict into question.  The Court limited cross-examination of Bew about an altercation with a third person because it did not relate to the conspiracy and could not be used to impeach Bew, as he had admitted the altercation.  The Court limited cross-examination about the involvement of Bew's wife in the conspiracy because the Government made its decision not to indict her before Bew had been interviewed under a proffer agreement and entered into a plea agreement.  Even if the Court had not limited Bew's cross-examination in the above manner, it would have done little to counter the tape-recorded telephone conversations that revealed Defendant's role in assisting Bew with the distribution of cocaine and crack cocaine.  In sum, nothing presently before the Court suggests that the insufficiency of the evidence or interest of justice requires acquittal or a new trial.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to set aside the verdict or, in the alternative, grant a new trial is denied.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **March 27, 2006**